UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RIVERA ANAYA, BOOKING #44512359,<br><br>   Plaintiff,<br><br>vs.<br><br>WARDEN V. VASQUEZ, ASSISTANT WARDEN T. HARTLEY and HEALTH SERVICES ADMINISTRATOR LOVELESS,<br><br>   Defendants. | Case No.:  24cv0863-CAB (JLB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS,**<br><br>**(2) DENYING REQUEST FOR SERVICE AS MOOT, and**<br><br>**(3) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

Plaintiff Daniel Rivera Anaya, detained at the GEO Western Region Detention Facility in San Diego, California, is proceeding pro se in this civil rights action. (ECF No. 1.) Plaintiff claims he was denied his right to adequate medical care, was subjected to cruel and unusual punishment, and was deprived of due process, because Defendants have not provided him with prescription eyeglasses. (*Id.* at 3-5.) Plaintiff has also filed a Motion to Proceed In Forma Pauperis ("IFP") and a request for service of his Complaint. (ECF No. 2-3.)

1

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets.  *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).  Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed.  28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).  A person detained and subject to removal or deportation, however, is not a "prisoner" under § 1915(h), "so long as he does not also face criminal charges."  *Agyeman v. INS*, 296 F.3d 871, 885-86 (9th Cir. 2002).

Plaintiff provides no details regarding the reason for his detention at the GEO Western Region Detention Facility when he initiated this action.  To the extent he is detained by the United States Immigration and Customs enforcement pending removal

without criminal charges, he does not qualify as a "prisoner" as defined by 28 U.S.C. § 1915(h), which, if true, means the filing fee provisions of 28 U.S.C. § 1915(b) would not be applicable to this case. *Agyeman,* 296 F.3d at 885-86. A review of Plaintiff's affidavit of assets (*see* ECF No. 2 at 2-5), shows he is unable at this time to pay the fees or post securities required to maintain a civil action. *See* S.D. CAL. CIVLR 3.2(d). Accordingly, Plaintiff's Motion to Proceed IFP is **GRANTED**.[1]

## II.     SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### A.     Standard of Review

Irrespective of whether Plaintiff is a prisoner or a detainee, a complaint filed by *any* person proceeding IFP is subject to sua sponte dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.")

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550

---

[1] If Plaintiff is a prisoner within the meaning of the PLRA filing fee provision the Court would still grant him leave to proceed IFP. However, based on his certified trust account statement (*see* ECF No. 2 at 4), no initial filing fee would be collected, and he would remain obligated to pay the remaining $350 in monthly installments even if this action is ultimately dismissed. *Bruce*, 577 U.S. at 84; 28 U.S.C. § 1915(b)(1)&(2). The Court may determine at a later time whether such fees must be collected.

U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting that standard. *Id.*

### B. Plaintiff's Allegations

Plaintiff alleges he was booked into the GEO Western Region Detention Facility on February 2, 2024, and that based on an initial treatment referral he was sent to an offsite optometrist on March 8, 2024. (ECF No. 1 at 3.) An eye examination revealed Plaintiff has "an acute medical need for eyeglasses and on that basis the specialist made the note recommendation to GEO Health Services indicating that I have a serious medical need and issued a prescription for the necessary eyeglasses to be provided by GEO." (*Id.*) Plaintiff alleges that Defendant GEO Health Services Administrator Loveless, although aware of Plaintiff's need for eyeglasses, "claims there is nothing that can be done to expedite the issuance of" the eyeglasses, thereby subjecting Plaintiff to pain and suffering from an excessive risk of eyesight degeneration. (*Id.*)

Plaintiff alleges he attempted to use the institutional grievance process to challenge the delay in providing eyeglasses, but Defendants Warden Vasquez and Grievance Coordinator/Assistant Warden Hartley refused to submit a request to expedite issuance of the eyeglasses, subjecting him to cruel and unusual punishment. (*Id.* at 4.) He alleges the grievance was disregarded by Defendant Hartley because it was fraudulently signed by the Health Services Administrator rather than the facility administrator. (*Id.*) Finally, Plaintiff alleges that the GEO Western Region Detention Facility Detainee Handbook states that the health and safety of detainees is of utmost importance and that upon medical assessment appropriate action will be taken, but the handbook also states that eyeglasses will not be provided to detainees. (*Id.* at 5.) Plaintiff claims that because he has no one who can mail

him eyeglasses, the conflict in the handbook amounts to a violation of due process and shows the GEO Western Region Detention Facility has a policy of depriving detainees of adequate medical care. (*Id.*)

### C. Analysis

The Defendants named in this action include employees of the GEO Group, Inc., a private corporation operating the GEO Western Region Detention Facility under a contract with the federal government who are sued pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (*Bivens* provides a private right of action against individuals who, acting under color of federal law, violate federal constitutional or statutory rights); *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (detainees in a private facility run under a federal government contract are required to bring constitutional claims in federal court, if at all, pursuant to *Bivens*).

However, Plaintiff cannot maintain a *Bivens* cause of action against the individual Defendants for an Eighth Amendment violation arising from the delay in providing him with, or denial of, prescription eyeglasses. "Where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . ., the prisoner must seek a remedy under state tort law. We cannot simply imply a *Bivens* remedy in such a case." *Minneci v. Pollard*, 565 U.S. 118, 131 (2012) (federal inmate has no *Bivens* claims against private employees working at a privately operated federal prison for denial of medical care or similar conduct that typically falls within the scope of traditional state tort law). The Ninth Circuit has applied *Pollard* to preclude *Bivens* remedies for claims against employees of the GEO Group, Inc. in its capacity of operating a federal immigration detention facility. *See Karboau v. Clark*, 577 Fed.Appx. 678, 679 (9th Cir. 2014) (affirming dismissal of Eighth Amendment claims against individual employees of GEO Group, Inc., because the exclusive remedy is pursuant to state tort law).

Neither has Plaintiff stated a due process claim based on the handling of his grievance. There is no independent constitutional right to an inmate administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a [state prison] grievance procedure."); *see also Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (noting that although prisoners have a First Amendment right to petition the government for redress of grievances and access to the courts, those rights are "not compromised by the prison's refusal to entertain his grievance.") Thus, with respect to the allegations against the Defendants based on their role in the processing of Plaintiff's grievance, the Complaint fails to state a due process claim because there is no constitutional requirement regarding how a grievance system is operated. *Ramirez*, 334 F.3d at 860; *Mann*, 855 F.2d at 640; *see also Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (noting that identification of a constitutionally protected interest is required to state a procedural due process claim), citing *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

Accordingly, the Court sua sponte dismisses all claims in the Complaint against all Defendants because as currently drafted the Complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### D.  Leave to Amend

In light of Plaintiff's pro se status, the Court grants him leave to amend to attempt to sufficiently allege a claim against the dismissed Defendants if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III.  Request for Service of the Complaint

Plaintiff's request to serve his Complaint (ECF No. 3), is **DENIED** as moot.

## IV. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2. **DENIES** Plaintiff's Request for Service as moot (ECF No. 3).

3. **DISMISSES** all claims against all Defendants in the Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order with respect to any or all other Defendants.  Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint; Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")  If Plaintiff fails to amend within the time provided, the Court will enter a final Order dismissing this civil action.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated:  May 17, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge