UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RIVERA ANAYA, BOOKING #44512359,<br><br>                                 Plaintiff,<br><br>vs.<br><br>WARDEN V. VASQUEZ, ASSISTANT WARDEN T. HARTLEY and HEALTH SERVICES ADMINISTRATOR LOVELESS,<br><br>                                 Defendants. | Case No.:  24cv0863-CAB (JLB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT, and**<br><br>**(3) DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

On May 14, 2024, Plaintiff Daniel Rivera Anaya, detained at the GEO Western Region Detention Facility in San Diego, California, proceeding pro se, filed this civil rights action along with a motion to proceed in forma pauperis ("IFP") and a request for service of the Complaint. (ECF Nos. 1-3.) On May 17, 2024, the Court granted Plaintiff's IFP motion, dismissed the Complaint for failure to state a claim, and denied his motion for service as moot. (ECF No. 4.) The Court found that Plaintiff's claim based on the denial of prescription eyeglasses was foreclosed by Supreme Court precedent and that his claim

1

of denial of due process based on the handling of his inmate grievances did not state a federal constitutional claim. (*Id.* at 5-6.) Although it appeared unlikely Plaintiff could cure those defects of pleading, in an abundance of caution the Court granted leave to amend. (*Id.* at 7.) Plaintiff has now filed a First Amended Complaint and a second motion to proceed IFP. (ECF Nos. 7-8.)

## I.     Motion to Proceed IFP

Because Plaintiff has already been granted leave to proceed IFP in this action, his second motion to proceed IFP (ECF No. 8) is **DENIED** as moot.

## II.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

As Plaintiff was instructed in the Court's prior dismissal Order, a complaint filed by anyone proceeding IFP is subject to sua sponte dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.")

The Defendants named in this action include employees of the GEO Group, Inc., a private corporation operating the GEO Western Region Detention Facility under a contract with the federal government who are sued pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (*Bivens* provides a private right of action against individuals who, acting under color of federal law, violate federal constitutional or statutory rights); *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (detainees in a private facility run under a federal government contract are required to bring constitutional claims in federal court, if at all, pursuant to *Bivens*).

However, as Plaintiff was notified in the Court's prior dismissal Order, he cannot maintain a *Bivens* cause of action against the individual Defendants for an Eighth

Amendment violation arising from the delay in providing him with, or denial of, prescription eyeglasses. "Where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . ., the prisoner must seek a remedy under state tort law.  We cannot simply imply a *Bivens* remedy in such a case." *Minneci v. Pollard*, 565 U.S. 118, 131 (2012) (federal inmate has no *Bivens* claims against private employees working at a privately operated federal prison for denial of medical care or similar conduct that typically falls within the scope of traditional state tort law).  The Ninth Circuit has applied *Pollard* to preclude *Bivens* remedies for claims against employees of the GEO Group, Inc. in its capacity of operating a federal immigration detention facility.  *See Karboau v. Clark*, 577 Fed.Appx. 678, 679 (9th Cir. 2014) (affirming dismissal of Eighth Amendment claims against individual employees of GEO Group, Inc., because the exclusive remedy is pursuant to state tort law).

Plaintiff has not cured this defect of pleading in the First Amended Complaint, which merely repeats the allegations in the original Complaint of a delay in providing him with, or denial of, prescription eyeglasses.  (*See* ECF No. 7 at 3.)  In addition, Plaintiff indicates he has waived his due process claim based on the handling of his grievance, the only other claim presented in this action.  (*See id.* at 4.)

Accordingly, the Court *sua sponte* dismisses all claims in the First Amended Complaint against all Defendants for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

**D.    Leave to Amend**

Because it is now absolutely clear that further amendment would be futile, the dismissal is without further leave to amend.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v.*

*Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of leave to amend is not an abuse of discretion where further amendment would be futile); *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996) ("While Fed.R.Civ.P. 15(a) encourages leave to amend, district courts need not accommodate futile amendments.")

### III.   Conclusion and Orders

Good cause appearing, the Court **DENIES** Plaintiff's Motion to Proceed IFP as moot (ECF No. 8) and **DISMISSES** all claims against all Defendants in the First Amended Complaint without further leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is **DIRECTED** to enter final judgment accordingly.

**IT IS SO ORDERED.**

Dated:  June 6, 2024

Hon. Cathy Ann Bencivengo
United States District Judge