UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RIVERA ANAYA, BOOKING #44512359,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>WARDEN V. VASQUEZ, ASSISTANT WARDEN T. HARTLEY and HEALTH SERVICES ADMINISTRATOR LOVELESS,<br><br>　　　　　　　　　　　Defendants. | Case No.:  24cv0863-CAB (JLB)<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |

Plaintiff Daniel Rivera Anaya, detained at the GEO Western Region Detention Facility in San Diego, California, is proceeding pro se and in forma pauperis in this civil rights action. (ECF Nos. 1-3.) On June 6, 2024, the Court dismissed this action for failure to state a claim and entered final judgment after twice informing Plaintiff that the Defendants named in this action, employees of the GEO Group, Inc., a private corporation operating the GEO Western Region Detention Facility under a contract with the federal government, must be sued for federal constitutional claims in federal court, if at all, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

U.S. 388 (1971) rather than under 42 U.S.C. § 1983.  (*See* ECF No. 9 at 2, citing *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (detainees in a private facility run under a federal government contract are required to bring constitutional claims in federal court, if at all, pursuant to *Bivens*) and *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (*Bivens* provides a private right of action against individuals who, acting under color of federal law, violate federal constitutional or statutory rights).)  The Court found Plaintiff cannot maintain a *Bivens* cause of action against the individual Defendants for an Eighth Amendment violation arising from the delay in providing him with, or denial of, prescription eyeglasses.  (*Id*. at 2-3, citing *Minneci v. Pollard*, 565 U.S. 118, 131 (2012) (federal inmate has no *Bivens* claims against private employees working at a privately operated federal prison for denial of medical care or similar conduct that typically falls within the scope of traditional state tort law) and *Karboau v. Clark*, 577 Fed.Appx. 678, 679 (9th Cir. 2014) (affirming dismissal of Eighth Amendment claims against individual employees of GEO Group, Inc., because the exclusive remedy is pursuant to state tort law).)

On August 5, 2024, Plaintiff constructively filed a Motion for relief from judgment pursuant to Fed.R.Civ.P 60(b).  (ECF No. 13.)  He seeks relief from judgment on the basis that the Court erroneously found he failed to state a federal constitutional claim against the Defendants under 42 U.S.C. § 1983.  (*Id*.)

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  "Section 1983, however, provides no right of action against federal (rather than state) officials." *Russell v. United States Dept. of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999).  As the Cout notified Plaintiff, because he is in federal not state custody, and has named a federal not state actors, his complaint is properly construed pursuant to *Bivens* rather than under § 1983.  *See Van Strum*, 940 F.2d at 409 ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.")

Rule 60(b) permits relief from a judgment for: (1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment, a judgment which is "based on an earlier judgment which has been reversed or vacated," or a judgment which is no longer equitable; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Here, Plaintiff has satisfied none of those provisions.  Rather, he merely disagrees with the Court's determination that he has failed to state a claim upon which relief may be granted, which is an insufficient basis to grant relief.  *See Merozoite v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995) (a Rule 60(b) motion may not be used to relitigate the same issues and arguments on which a court has already ruled).

Accordingly, Plaintiff's Motion for relief from judgment (ECF No. 13) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  August 9, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge